UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE OLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-cv-894 JMB |
| | ) | |
| ANNE L. PRECYTHE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Willie Oliver brings this action under 42 U.S.C. § 1983.  The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs.  ECF No. 6.  Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.00.  *See* 28 U.S.C. § 1915(b)(1).

As Plaintiff is now proceeding *in forma pauperis*, the Court must review his amended complaint under 28 U.S.C. § 1915.  However, because essential sections of Plaintiff's amended complaint are blank, the Court cannot determine whether this case survives initial review under § 1915.  Since Plaintiff is self-represented, the Court will give him an opportunity to cure this pleading deficiency.  If Plaintiff wants this case to proceed, he must file a second amended complaint on the court-provided form in compliance with the instructions set out below.  The Court warns Plaintiff that his failure to comply with this Order will result in dismissal of this action.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial

partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff is a prisoner with the Missouri Department of Corrections ("MDOC"). ECF No. 5 at 2. In support of his motion to proceed without prepaying fees and costs (ECF No. 6), Plaintiff submitted an inmate account statement showing average monthly deposits of $122.83 over a six-month period. ECF No. 7. However, at the time of filing the account statement, Plaintiff had only four cents ($.04) left in his prison account. *Id.* As such, the Court finds that Plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (discussing how the Court should assess an initial partial filing fee amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district

court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**Case Background**

On July 10, 2023, fourteen inmates incarcerated at the Missouri Eastern Correctional Center ("MECC"), including Plaintiff, filed a "class action" lawsuit. ECF No. 1. The 42 U.S.C. § 1983 complaint named six defendants affiliated with MECC. Defendants were accused of allowing the plaintiff-inmates to be restrained with plastic zip-ties for an excessive amount of time while the Correctional Emergency Response Team searched their housing unit. Only one of the plaintiff-inmates, David Wilson, signed the complaint, filed a motion to proceed *in forma pauperis*, and submitted a copy of his inmate account statement. Because the Court does not allow multiple prisoners to join together in a single lawsuit under Federal Rule of Civil Procedure 20, the

complaint was severed and new cases opened for each individual plaintiff. *See* ECF No. 2. The instant case is one of the newly created cases brought by a severed plaintiff.

On July 24, 2023, the Court issued an Order in this case finding the complaint defective for multiple reasons, including because it was not signed by Plaintiff and because Plaintiff lacks standing to bring claims on behalf of others. *See* ECF No. 4. As a result, the Court provided instructions and directed Plaintiff to file an amended complaint on a court-provided form. *Id.*

### The Amended Complaint

Plaintiff filed his amended complaint on August 25, 2023. ECF No. 5. Although Plaintiff used the court-provided form complaint, he left blank the sections titled "Statement of Claim," "Injuries," and "Relief." *Id.* at 3-5. Without this required information, the Court cannot assess the merits of Plaintiff's case and determine if it survives initial review under 28 U.S.C. § 1915. Because Plaintiff is self-represented and the initial complaint presented serious allegations to the Court, Plaintiff will be given one more opportunity to amend. *See Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985) (discussing how a court should give a self-represented plaintiff a statement of the complaint's deficiencies and a chance to amend the complaint).

### Discussion

Plaintiff should type or neatly print his second amended complaint on the Court's prisoner civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable."). Plaintiff must complete the form complaint in its entirety and he must sign it. *See* Fed. R. Civ. P. 11(a) (unrepresented parties must personally sign all pleadings); E.D. Mo. L.R. 2.01(A)(1) (same).

In the "Caption" section of the Court-provided form, Plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must

name all the parties"). In the "Statement of Claim" section, Plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, Plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If Plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

It is important that Plaintiff establish the responsibility of each separate defendant for harming him. That is, for each defendant, Plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."). It is not enough for Plaintiff to make general allegations against all the defendants as a group. Rather, Plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can know what he or she is accused of doing. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim") (internal quotations and citation omitted). The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff is warned that the filing of a second amended complaint **completely replaces** all other complaints and supplements. This means that claims that are not re-alleged in the second amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees*

*Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). If Plaintiff fails to file a second amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 6] is **GRANTED**. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.00 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding. *See* 28 U.S.C. § 1915(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a blank copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Order, Plaintiff shall file a second amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that upon submission of the second amended complaint, the Court shall again review this action pursuant to 28 U.S.C. §1915.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 3rd day of October, 2023.

>*/s/ John M. Bodenhausen*
>JOHN M. BODENHAUSEN
>UNITED STATES MAGISTRATE JUDGE